**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHANNON NUCCIO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-839-EWD** |
| **DOLGENCORP, LLC** | **CONSENT CASE** |

### ORDER OF DISMISSAL

On or about September 12, 2016, Plaintiff, Shannon Nuccio ("Plaintiff"), filed a Petition for Damages (the "Petition") in state court seeking damages for injuries sustained when Plaintiff allegedly tripped and fell in a Dollar General Store in Albany, Louisiana.[1] The suit was removed on December 13, 2016 pursuant to 28 U.S.C. § 1332.[2] The parties consented to proceed before the undersigned magistrate judge,[3] and this suit was thereafter referred to the undersigned for all further proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c).[4]

On September 16, 2017, counsel for Plaintiff filed a Motion to Withdraw Representation and Counsel of Record for Plaintiff Shannon Nuccio (the "Motion to Withdraw").[5] Per the Motion to Withdraw, counsel for Plaintiff attested that he had "tried on numerous occasions to contact plaintiff Shannon Nuccio to no avail."[6] Plaintiff's counsel additionally asserted that he had sent notice to Plaintiff that counsel would be filing a Motion to Withdraw via certified mail return

---

[1] R. Doc. 1-1.

[2] R. Doc. 1.

[3] R. Doc. 8.

[4] R. Doc. 9.

[5] R. Doc. 16.

[6] R. Doc. 16, p. 1. Plaintiff's counsel further stated in the Motion to Withdraw that he and his secretary "had tried on numerous occasions to contact the plaintiff by calling all telephone numbers in our files but all were disconnected or no longer in service." R. Doc. 16, p. 1.

JURY

S. Nuccio - Certified Mail - 7004 1160 0003 2648 6574

receipt requested, to the address of "44133 Bess Morris Lane, Hammond, Louisiana 70403" (the "Bess Morris Address") and that the "green card" had been signed indicating Plaintiff's receipt of the letter.[7] On September 13, 2017, an Order granting the Motion to Withdraw was entered.[8]

Following the withdrawal of Plaintiff's counsel, the court ordered[9] a telephone conference to take place on October 11, 2017 to discuss the pending Motion for Extension of Deadlines.[10] The order was sent to Plaintiff by certified mail return receipt requested to the address listed on PACER, *i.e.*, the Bess Morris Address, and Plaintiff was advised that "failure to participate in [October 11, 2017 conference] may result in dismissal of this action."[11] The court received notice of delivery receipt on October 11, 2017.[12] Despite receiving the Order via certified mail, return receipt requested, Plaintiff failed to participate in the telephone conference as ordered.

In light of Plaintiff's failure to participate in the October 11, 2017 telephone conference as ordered, the court issued an Order to Show Cause.[13] The Order to Show Cause was ordered to be served on Plaintiff by certified mail return receipt requested at the Bess Morris Address and a show cause hearing was set for October 25, 2017. The Order to Show Cause explicitly stated that "[f]ailure to appear as ordered may result in dismissal of plaintiff's claims in this matter without

---

[7] R. Doc. 16, p. 1. R. Doc. 16-1.
[8] R. Doc. 19.
[9] R. Doc. 21.
[10] R. Doc. 20.
[11] R. Doc. 21.
[12] R. Doc. 24.
[13] R. Doc. 23. Certified mail # 7004 1160 0003 2648 1449.

further notice pursuant to Fed. R. Civ. P. 41(b)."[14]   Plaintiff failed to appear for the show cause hearing.[15]

Pursuant to Federal Rules of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  This Court has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Curtis v. Quarterman*, 340 F. App'x 217, 217–18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action *sua sponte* in the absence of a motion by the defendant."); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order under Federal Rule of Civil Procedure 41(b)). Such a sanction is necessary in order to prevent delay and avoid congestion in the calendars of the court. *See Link*, 370 U.S. at 630–31, 82 S.Ct. 1386.

Accordingly,

This matter be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b).

---

[14] R. Doc. 23.

[15] Although the court has not received signed delivery confirmation of the Order to Show Cause, the court was able to confirm via www.usps.com that the notice of certified mail was left "due to no authorized recipient available." The court notes that the Show Cause Order was mailed to the address listed on PACER, which is the same address that was used to send the Order setting the October 11, 2017 conference and which Plaintiff received.

**IT IS ORDERED** that the Clerk of Court is to provide this Order of Dismissal to Plaintiff via certified mail, return receipt requested to the address listed on PACER.

**IT IS FURTHER ORDERED** that reinstatement of this action within thirty days shall be permitted upon a showing of good cause by the Plaintiff.

**IT IS FURTHER ORDERED** that the Motion to Compel Response to Discovery[16] and the Motion for Extension of Deadlines[17] are **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on October 31, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Doc. 15.

[17] R. Doc. 20.