# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANNON NUCCIO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-839-EWD** |
| **DOLGENCORP, LLC** | **CONSENT CASE** |

## RULING AND ORDER

Before the court is a Motion to Reopen,[1] filed on behalf of Plaintiff, Shannon Nuccio. Defendant, Dolgencorp, LLC, has opposed the Motion.[2] For the reasons that follow, the Motion to Reopen is **GRANTED**.

### I. Factual Background

On or about September 12, 2016, Plaintiff, Shannon Nuccio ("Plaintiff"), filed a Petition for Damages (the "Petition") in state court seeking damages for injuries sustained when Plaintiff allegedly tripped and fell in a Dollar General Store in Albany, Louisiana.[3] The suit was removed on December 13, 2016 pursuant to 28 U.S.C. § 1332.[4] The parties consented to proceed before the undersigned magistrate judge,[5] and this suit was thereafter referred to the undersigned for all further proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c).[6]

---

[1] R. Doc. 27.

[2] R. Doc. 30.

[3] R. Doc. 1-1.

[4] R. Doc. 1.

[5] R. Doc. 8.

[6] R. Doc. 9.

On September 13, 2017, counsel for Plaintiff filed a Motion to Withdraw Representation and Counsel of Record for Plaintiff Shannon Nuccio (the "Motion to Withdraw").[7] Per the Motion to Withdraw, counsel for Plaintiff attested that he had "tried on numerous occasions to contact plaintiff Shannon Nuccio to no avail."[8] Plaintiff's counsel additionally asserted that he had sent notice to Plaintiff that counsel would be filing a Motion to Withdraw via certified mail return receipt requested, to the address of "44133 Bess Morris Lane, Hammond, Louisiana 70403" (the "Bess Morris Address") and that the "green card" had been signed indicating Plaintiff's receipt of the letter.[9] On September 13, 2017, an Order granting the Motion to Withdraw was entered.[10]

Following the withdrawal of Plaintiff's counsel, the court ordered[11] a telephone conference to take place on October 11, 2017 to discuss the pending Motion for Extension of Deadlines.[12] The order was sent to Plaintiff by certified mail return receipt requested to the address listed on PACER, *i.e.*, the Bess Morris Address, and Plaintiff was advised that "failure to participate in [October 11, 2017] conference may result in dismissal of this action."[13] The court received notice of delivery receipt on October 11, 2017.[14] Despite receiving the Order via certified mail, return receipt requested, Plaintiff failed to participate in the telephone conference as ordered.

---

[7] R. Doc. 16.

[8] R. Doc. 16, p. 1. Plaintiff's counsel further stated in the Motion to Withdraw that he and his secretary "had tried on numerous occasions to contact the plaintiff by calling all telephone numbers in our files but all were disconnected or no longer in service." R. Doc. 16, p. 1.

[9] R. Doc. 16, p. 1. R. Doc. 16-1.

[10] R. Doc. 19.

[11] R. Doc. 21.

[12] R. Doc. 20.

[13] R. Doc. 21.

[14] R. Doc. 24.

In light of Plaintiff's failure to participate in the October 11, 2017 telephone conference as ordered, the court issued an Order to Show Cause.[15] The Order to Show Cause was ordered to be served on Plaintiff by certified mail return receipt requested at the Bess Morris Address and a show cause hearing was set for October 25, 2017. The Order to Show Cause explicitly stated that "[f]ailure to appear as ordered may result in dismissal of plaintiff's claims in this matter without further notice pursuant to Fed. R. Civ. P. 41(b)."[16] Plaintiff failed to appear for the show cause hearing. Accordingly, the case was dismissed on October 31, 2017 without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).[17] In the Order dismissing the case, the undersigned also ordered that the Clerk of Court provide the Order of Dismissal to Plaintiff by certified mail, return receipt requested and provided that the action could be reinstated within thirty days upon a showing by the Plaintiff of good cause.[18]

On November 27, 2017, the instant Motion to Reopen was filed by Rebekah Nuccio. Ms. Nuccio states that she has power of attorney for Plaintiff and provides an explanation of Plaintiff's failure to participate in the October 11, 2017 telephone conference ("a series of unfortunate events … left him without a phone") and of Plaintiff's failure to appear at the October 25, 2017 show cause hearing (he was "arrested and detained in the Livingston Parish Detention Center on October 18, 2017.").[19]

---

[15] R. Doc. 23. Certified mail # 7004 1160 0003 2648 1449.
[16] R. Doc. 23.
[17] R. Doc. 25.
[18] R. Doc. 25.
[19] R. Doc. 27.

Defendant filed an Opposition to Plaintiff's Motion to Re-Open Case.[20] The basis for the opposition is essentially that the Motion to Reopen does not provide sufficient explanation to constitute good cause to reopen the case. Alternatively, if the case is reopened, Defendant requests that the Court reconsider the order denying defendant's Motion to Compel and Motion for Extension of Deadlines[21] and prays for reasonable fees and expenses associated with having to file the Motion to Compel.

**II. Law and Analysis**

In this case, the Order of Dismissal provides that the action can be reinstated within thirty days upon a showing of good cause by Plaintiff.[22] It is undisputed that the Motion to Reopen was filed less than thirty (30) days after the Order of Dismissal was entered. The only question then is whether the Motion to Reopen provides sufficient justification to reopen the case. Although Defendant is correct that there are multiple instances in the record of this matter where Plaintiff has failed to comply with the obligations imposed by the Federal Rules of Civil Procedure and by order of this court, termination of cases, even for failure to comply with court orders, is not generally favored. *See e.g., Lear Siegler Services, Inc. v. Ensil Intern'l Corp.*, Civil No. SA-05-CA-679-XR, 2011 WL 13174951, at 6 (W.D. Tex. March 15, 2011)("To support the severe sanction, such as striking pleadings, staying proceedings, rendering default or dismissal of claims or counterclaims, for violating a court rule or order regarding discovery, the Fifth Circuit requires a finding that the party's failure to comply with the court's order was undertaken in bad faith or

---

[20] R. Doc. 30.

[21] R. Docs. 15 and 20. The Motion to Compel and Motion for Extension were denied in the Order of Dismissal as moot. R. Doc. 25.

[22] R. Doc. 25.

was willful. Severe sanctions are imposed only when the party's conduct has substantially prejudiced the opposing party. If a lesser sanction would provide adequate deterrence, it should be imposed instead of a more sever sanction.") Although arising in the context of violations of a court's discovery orders, the reasoning of *Lear* is persuasive.

Defendant filed a Motion to Compel on August 15, 2017. At that time, Plaintiff was still represented by counsel and had not provided timely responses to discovery requests propounded by Defendant.[23] Shortly thereafter, Plaintiff's counsel filed a motion seeking to withdraw from representation. The Motion to Withdraw Representation and Counsel of Record for Plaintiff Shannon Nuccio, states that counsel "tried on numerous occasions to contact Plaintiff Shannon Nuccio to no avail."

> Discovery propounded by the defendant in this matter was mailed to the plaintiff with no response. After the time delays passed for answering, undersigned counsel and his secretary tried on numerous occasions to contact the plaintiff by calling all telephone numbers in our files but all were disconnected or no longer in service.[24]

Plaintiff's counsel was permitted to withdraw and thus began the undersigned's efforts to obtain Plaintiff's participation in this case. Although an order was issued setting a telephone conference,[25] which Plaintiff failed to attend, and a show cause hearing,[26] which plaintiff failed to attend, and both orders indicated that failure to participate could result in dismissal, the court finds that the Motion to Reopen establishes good cause for those failures, particularly in light of

---

[23] R. Doc. 15.

[24] R. Doc. 16.

[25] R. Doc. 21.

[26] R. Doc. 23.

the fact that such a harsh sanction would not be favored, where, as here, a plausible explanation has been provided for the failure to comply with the court's orders.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Reopen Case[27] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **REOPEN** this matter.

**IT IS FURTHER ORDERED** that an in-person status conference is scheduled in this matter for **April 4, 2018** at the United States District Court, 777 Florida Boulevard, Baton Rouge, LA in courtroom 5 at **10:30 a.m**. **Plaintiff shall appear in person at the status conference** unless he has retained counsel prior to that date who has enrolled in this case. Plaintiff (or his enrolled counsel) and counsel for defendant shall be prepared to discuss the outstanding discovery responses that were the subject of Defendant's Motion to Compel[28] (a copy of the Motion to Compel is attached). They shall also be prepared to discuss Defendant's request for an extension of certain deadlines in this matter[29] (a copy of Defendant's Motion for Extension of Discovery and Deadline for Dispositive and *Daubert* Motions is attached).

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to serve this Ruling and Order on Plaintiff by certified mail, return receipt requested at the address on PACER.

Signed in Baton Rouge, Louisiana, on March 1, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] R. Doc. 27.

[28] R. Doc. 15.

[29] R. Doc. 20.